SADMIRA RAMIC, ESQ. (15984)
CHRISTOPHER M. PETERSON, ESQ. (13932)
**AMERICAN CIVIL LIBERTIES**
**UNION OF NEVADA**
4362 W. Cheyenne Ave.
North Las Vegas, NV 89032
Telephone: (702) 366-1226
Facsimile: (702) 830-9205
Emails: ramic@aclunv.org
         peterson@aclunv.org

*Listing of counsel continued on the next page*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR KALID JACOBO RAMIREZ; EDGAR MICHEL GUEVARA ALCANTAR; on behalf of themselves and others similarly situated, et al., <br><br> Plaintiffs-Petitioners, <br><br> vs. <br><br> KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA J BONDI, Attorney General of the United States, in her official capacity; TODD LYONS, Acting Director for U.S. Immigration and Customs Enforcement, in his official capacity; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; JASON KNIGHT, Acting Field Office Director, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; SIRCE OWEN, Acting Director for Executive Office of Immigration Review, in her official capacity; LAS VEGAS IMMIGRATION COURT; JOHN MATTOS, Warden, Nevada Southern Detention Facility, in his official capacity, <br><br> Defendants-Respondents. | Case No.: 2:25-cv-02136 <br><br> **PLAINTIFFS' PROPOSED PROTECTIVE ORDER** |

MICHAEL KAGAN (12318C)
ANDREW ELKINS
GABRIELA RIVERA DORADO
Student Attorneys Practicing
Under Nevada Supreme Court Rule 49.3
**UNLV IMMIGRATION CLINIC**
Thomas & Mack Legal Clinic
William. S. Boyd School of Law
University of Nevada, Las Vegas
P.O. Box 71075
Las Vegas Nevada
Telephone: (702) 895-3000
Facsimile: (702) 895-2081
Email: Michael.Kagan@unlv.edu
Email: elkina1@unlv.nevada.edu
Email: doradoma@unlv.nevada.edu

Michael K.T. Tan (CA SBN# 284869)*
My Khanh Ngo (CA SBN# 317817)*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION**
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
m.tan@aclu.org
mngo@aclu.org

*Admitted pro hac vice*

# **PROTECTIVE ORDER**

On October 17, 2025, the Court ordered pre-certification discovery in *Dominguez-Lara, et al. v. Noem, et al.*, No. 2:25-cv-01553-RFB-BNW, ECF No. 27 (D. Nev. Aug. 20, 2025). The case was consolidated with *Maldonado Vazquez v. Feeley, et al.*, No: 2:25-cv-01542-RFB-EJY (D. Nev. Aug. 19, 2025) on October 17, 2025, and *Jacobo-Ramirez et al. v. Noem et al.*, No. 2:25-cv-02136-RFB-MDC **(**D. Nev. Oct. 30, 2025) on October 31, 2025, for discovery purposes only. The order requires the production of the following categories of information for each detainee:

1. Name.
2. A-File number and country of origin.
3. Date of detention.
4. Copies of any arrest warrant (Form I-200), Notice to Appear (NTA, Form I-862), Record of Deportable / Inadmissible Alien (Form I-213), and Notice of Custody Determination issued by ICE/DHS (Form I-286).
5. Whether a custody-redetermination (bond) hearing has been requested before an Immigration Judge (IJ), and if so, whether the individual was represented by counsel or appeared pro se.
6. Whether a bond hearing has been received, and if not, the reason it was denied.
7. If a bond hearing occurred, whether bond was granted or denied, and the IJ's stated reasons.
8. If bond was granted, whether the IJ's decision was automatically stayed pursuant to 8 C.F.R. § 1003.19(i)(2).
9. If an automatic stay was invoked, whether 8 C.F.R. § 1003.6 was fully complied with.
10. Whether DHS is detaining the individual pursuant to 8 U.S.C. § 1225(b)(2).

To facilitate the exchange of records and information referenced above without undermining legitimate confidentiality concerns, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order.

## I.   CONFIDENTIAL INFORMATION

Defendants may designate materials as "Confidential Information- Attorneys' Eyes Only" ("Confidential Information") only when a party has good faith belief that it contains:

1. personal identifying information, including without limitation names, addresses, alien registration number ("A number"), and any other personally identifiable information covered by the Privacy Act, 5 U.S.C § 552a and Federal Rule of Civil Procedure 5.2, that is personal information located in a federal government "record" and therefore requires the consent of the that individual prior to disclosure unless made "pursuant to the order of a court of component jurisdiction," 5 U.S.C. § 552a(b)(11);

2. any personally identifiable information related to third parties other than the individual whose information is being sought;

3. federal law-enforcement-sensitive information protected from disclosure under FOIA, 5 U.S.C. § 552, et seq., under the exemption found at 5 U.S.C. § 552(b)(7)(E);

4. names, phone numbers, and email addresses of federal employees that are subject to the law enforcement privilege; and

5. any other information protected or restricted from disclosure under FOIA, 5 U.S.C. § 552, et seq., under the exemption found at 5 U.S.C. § 552(b)(3).

Any party to this litigation who is covered by this Order, who produces or discloses any Attorneys' Eyes-Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or

similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only").

Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

If Defendants redact or withhold records from disclosure on the basis that it is privileged and it cannot be disclosed to Plaintiffs or their counsel, a privilege log shall be provided identifying each document or portion thereof that has been redacted or undisclosed, including the statutory or regulatory basis for each redaction or non-disclosed document.

## II. SCOPE

This Protective Order governs only disclosures undertaken to comply with the Court's Order in this case. It does not apply to any other information or authorize or require any broader disclosure, unless ordered by the Court. The protections conferred by this Protective Order cover not only those portions of such documents containing Confidential Information (as defined above), but also (1) any information copied or extracted from those portions of documents containing Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by parties or counsel that might reveal Confidential Information.

However, the protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain. This Protective Order binds the parties and their respective agents, successors, personal representatives and assignees.

///

///

///

III.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

**A. Basic Principles**

Plaintiffs may use Confidential Information that is disclosed in connection with the Order in this case (subject to applicable rules of evidence and subject to the confidentiality of such information being maintained) only for purposes of litigating this action. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential Information must be stored and maintained by Plaintiffs at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

Nothing in this Order shall preclude the disclosure of Confidential Information to the Plaintiffs or class members to whom the information pertains.

**B. Disclosure of "Confidential" Information.**

Unless otherwise ordered by the Court or permitted in writing by the Defendants, Plaintiffs may disclose any Confidential Information only to:

1. Plaintiffs' Counsel in this action and any support staff and other employees of such counsel assisting in this action with a good faith need to know. If any of Plaintiffs' Counsel, support staff, or other employees cease to represent Plaintiffs in this action for any reason, such individual(s) shall no longer have access to or be authorized to receive any Confidential Information;

2. the Court, court personnel, and court reporters and their staff;

3. copy or data imaging services retained by counsel (if any) to assist in the duplication of Confidential Information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to third parties and to immediately return all originals and copies of any Confidential

Information and protect Confidential Information in accordance with provisions of this Protective Order;

4. the author or recipient of a document containing the Confidential Information or a custodian who otherwise possessed or knew the Confidential Information;

5. Court reporters engaged for depositions;

6. Any designated arbiter or mediator who is assigned to hear this matter;

7. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit;

8. Actual and potential deposition or trial witnesses in this case (including use in the connection with the preparation of said witnesses);

9. any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know.

All persons listed in section III(B)(1)-(9) to whom Confidential Information is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment and Agreement to be Bound, attached hereto as EXHIBIT 1A. Counsel for each party shall retain copies of the acknowledgment form for 120 days from the conclusion of the litigation (including any appeals). This requirement does not apply to the disclosure of Confidential Information to the Court and its personnel, including court reporters.

Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, except as set forth above, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations. This Protective Order is limited to compliance with the Court's Order. *See Minutes of Proceedings, Dominguez-Lara v. Noem et al.*, No. 2:25-cv-01553, ECF No. 27 (D. Nev.

Oct. 17, 2025), ECF 37 (Oct. 31, 2025), *Madonado Vazquez v. Feeley* et al., 2:25-cv-01542-RFB-EJY, ECF No. 43 (D. Nev. Oct. 31, 2025); *Jacobo-Ramirez et al. v. Noem et al*. 2:25-cv-02136-RFB-MDC, ECF No. 5 (D. Nev. Oct. 31, 2025).

### C. Filing Confidential Information

Before filing Confidential Information with the Court, or discussing or referencing such material in court filings, the filing party shall confer with the Defendants' counsel (where practical, at least seven days prior to the intended filing date) to determine whether Defendants' counsel will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Rule IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal. The Parties will attempt, to the extent possible, to minimize the volume of material that must be filed under seal.

Even if the filing party believes that the materials designated as Confidential Information-Attorney's Eyes Only are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under Section 6 of this Protective Order.

### D. Use of Confidential Information in Court.

Nothing in this Protective Order shall prevent a party from using Confidential Information at trial or during a hearing. However, any party using Confidential Information must provide sufficient advance notice such that Defendants may request that:

1. the portion of the proceeding where use is made be in camera or protected from public disclosure to the maximum extent practicable, and
2. the transcript of that portion of the proceeding be maintained under seal, with access thereto limited to persons entitled to access under this Protective Order.

Nothing in this Order precludes the disclosure of a document designated "Confidential," so long as the protected information is redacted.

## IV. DESIGNATING PROTECTED INFORMATION

### A. Exercise of Restraint and Care in Designating Material for Protection.

Each party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Defendants must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Defendants shall certify that each designation, redaction, or nondisclosure is made in good faith and is narrowly tailored to the applicable statutory or regulatory protection.

If it comes to Defendants' attention that information or items that they designated, for protection do not qualify for protection, Defendants must promptly notify all other parties that they are withdrawing the mistaken designation.

### B. Manner and Timing of Designations.

Except as otherwise provided in this Protective Order or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this Protective Order must be clearly so designated before or when the material is disclosed. The Defendants must affix the word "CONFIDENTIAL" to each page of paper or electronic document that contains Confidential Information or must provide Plaintiffs with a list identifying the documents that contain Confidential Information.

///

///

#### C. Inadvertent Failures to Designate

If Defendants inadvertently fail to designate material as Confidential Information at the time of production, they shall take reasonable steps to notify Plaintiffs' counsel of the failure within five business days of discovering the failure. Defendants shall promptly supply Plaintiffs with new copies of any documents bearing corrected confidentiality designations or a new list classifying the documents as containing Confidential Information, and Plaintiffs' counsel shall return or destroy the original materials and certify in writing to the producing party that such information has been destroyed. Production of such Confidential Information, in and of itself, shall not constitute waiver of any claim of confidentiality.

### V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

#### A. Timing of Challenges.

Any party may challenge a designation of confidentiality at any time. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

#### B. Meet and Confer.

The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

///

///

**C. Judicial Intervention.**

If the parties cannot resolve a challenge without court intervention, the Defendants may file and serve a motion to retain confidentiality (and in compliance with Local Rule IA 10-5, if applicable). The burden of persuasion in any such motion shall be on the Defendants. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**VI. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

1. promptly notify the Defendants in writing and include a copy of the subpoena or court order;

2. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this agreement;

3. cooperate with respect to all reasonable procedures sought to be pursued by the Defendants whose Confidential Information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order issued; and

4. decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is

required by law or court order. Any person, entity or organization who received Confidential Information shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

### VII.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Plaintiffs' counsel learn that, by inadvertence or otherwise, they have disclosed Confidential Information to any person or in any circumstance not authorized under this agreement, Plaintiffs' counsel must immediately (a) notify in writing Defendants' counsel of the unauthorized disclosure(s), (b) use their best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit 1A.

### VIII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When Defendants give notice to Plaintiffs that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Petitioners are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an order that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502(d), if deemed necessary.

### IX.  NON-TERMINATION AND RETURN OF DOCUMENTS

Within 120 days after the termination of this action, including all appeals, the Plaintiffs shall destroy all Confidential Information obtained and in their possession, custody, or control, except as this Court may otherwise order. The parties shall agree upon appropriate methods of destruction. Notwithstanding this provision, each entity serving as counsel is entitled to retain one

1  archival copy of all Confidential Information. The confidentiality obligations imposed by this
2  agreement shall remain in effect on such archival copies until Defendants agree otherwise in
3  writing or a court orders otherwise. Further, whether the Protected Material is returned or
4  destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if
5  not the same person or entity, to the Designating Party) within 120 days after the Final Disposition
6  of this Action that (1) identifies (by category, where appropriate) all the Protected Material that
7  was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,
8  abstracts, compilations, summaries, or any other format reproducing or capturing any of the
9  Protected Material, except as allowed under this Section.

**IT IS SO ORDERED.**

**DATED:** November 21, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT 1A

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [NAME], of _____

_____ [address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued in the following cases: *Maldonado Vazquez v. Feeley, et al.,* No: 2:25-cv-01542-RFB-EJY (D. Nev.)*; Dominguez-Lara, et al. v. Noem, et al.* 2:25-cv-01553-RFB-BNW (D. Nev.); *and Jacobo-Ramirez et al. v. Noem et al.* 2: 25-cv-02136-RFB-MDC (D. Nev.), pending in the District of Nevada. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____