**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

VICTOR KALID JACOBO RAMIREZ, MICHEL GUEVARA ALCANTAR, *on behalf of themselves and others similarly situated*,

Plaintiffs-Petitioners,

v.

MARKWAYNE MULLIN, *et al.*,

Defendants-Respondents.

Case No. 2:25-cv-02136-RFB-MDC

**ORDER REQUIRING NOTICE TO CLASS MEMBERS AND CLASS COUNSEL**

For the reasons identified in this Court's Order Granting Partial Summary Judgment, see ECF No. 96 at 57–58, in Plaintiffs-Petitioners' (hereinafter "Plaintiffs" or "Class Members") Request for Notice, see ECF No. 108 at 3–6, and having considered and overruled Defendants-Respondents' (hereinafter "Defendants") oral objections to the form and content of Plaintiffs' proposed notice, see ECF Nos. 117, 121, the Court finds requiring Defendants to provide notice to detained Class Members and class counsel is necessary to protect Class Members' interests and fairly conduct this action. See Fed. R. Civ. P. 23(d)(1)(B); see also Fed. R. Civ. P. 23 advisory committee's note to 1966 amendment ("Notice is available fundamentally for the protection of the members of the class or otherwise for the fair conduct of the action[.]").

Specifically, the Court finds that exceptional circumstances and due process concerns in this case warrant requiring Defendants to provide notice to detained Class Members regarding the Court's class-wide declaratory judgment and vacatur, and their entitlement to relief pursuant to that judgment. Many Class Members do not speak English, do not have access to external sources of information, have limited ability to communicate with family members or friends, do not have access to legal resources to navigate the complexities of immigration law, and have been or may be transferred to detention centers outside of this judicial district. Notice to detained Class Members will ensure, *inter alia*, (1) that Class Members are aware of their ability to request a bond

hearing before an immigration judge due to the Court's vacatur of <u>Matter of Yajure Hurtado</u>; (2) that Class Members and class counsel are able to efficiently and expediently petition this Court for further relief in the event Federal Defendants fail to comply with this Court's declaratory judgment and vacatur, or otherwise infringe on Class Members' right to relief;[1] and (3) that this Court and class counsel are able to monitor compliance with this Court's Orders. <u>See</u>, <u>e.g.</u>, <u>Rodriguez Vazquez v. Hermosillo</u>, No. 3:25-CV-05240-TMC, 2026 WL 102461, at *7 (W.D. Wash. Jan. 14, 2026) (finding notice to detained class members unlawfully subjected to mandatory detention under 8 U.S.C. 1225(b)(2)(A) "is necessary because so long as [the government] continue[s its] noncompliance, individual habeas petitions are the only realistic way for class members to exercise their rights under the declaratory judgment."); <u>Guerrero Orellana v. Moniz</u>, 813 F. Supp. 3d 185, 198 (D. Mass. 2025) (ordering individualized notice to detained class members pursuant to Fed. R. Civ. P. 23(d)(1)(B) to "ensure that class members are informed of their rights in light of DHS's ability to transfer class members between facilities and the fact that many class members may not speak English or have counsel.").

Moreover, the Court finds requiring Federal Defendants to provide notice to class counsel as requested by Plaintiffs, <u>see</u> ECF No. 108 at 6–7, provides a necessary and appropriate ongoing reporting mechanism to enable the Court and class counsel to (1) ensure that individual Class Members receive the notice required by this Order; (2) ensure that Class Members promptly receive the relief to which they are entitled; (3) minimize confusion of Class Members as to the relief available within this class action versus relief available under other provisions of federal law; and (4) facilitate class counsel's ability to expeditiously assist Class Members with receiving

---

[1] Federal Defendants have defied declaratory judgments in similar regional class actions. <u>See</u> ECF No. 108 at 5–6; <u>see also</u> Order Certifying Class at 4, ECF No. 71. Similarly, Federal Defendants have systemically violated federal court orders granting habeas relief to immigration detainees. <u>See</u> ECF No. 108 at 3 n.1 (citing Kyle Cheney, <u>How ICE Defies Judges' Orders to Release Detainees, Step by Step</u>, Politico (Feb. 10, 2026), https://www.politico.com/news/2026/02/10/ice-immigration-detention-court-orders-00771727 (describing ICE defiance of court orders, including by "rac[ing] detainees across state lines"). Indeed, Federal Respondents have violated this Court's Orders in individual habeas cases filed by Class Members. <u>See</u>, <u>e.g.</u>, <u>Solis v. Noem</u>, No. 2:26-CV-00053-RFB-EJY, 2026 WL 776981 (D. Nev. Mar. 19, 2026); <u>Ramirez Mendez v. Knight</u>, No. 2:26-cv-00375-RFB-DJA, ECF No. 13 (D. Nev. Mar. 6, 2026); <u>Jimenez Gomez v. Mullin</u>, No. 2:26-cv-0922-RFB-DJA, ECF No. 12 (D. Nev. Ap. 10, 2026).

relief.

For the foregoing reasons, **IT IS HEREBY ORDERED** that **Federal Defendants** must provide the following forms, **in English and Spanish**, which are attached to this Order as **Appendix A**: (1) Class Action Notice, (2) Jacobo-Ramirez Class Action Membership Inquiry Form, and (3) Class Member Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 with instructions [collectively "Jacobo-Ramirez Class Member Notice Forms"] to Class Members as follows:

1. By **April 24, 2026**, **Federal Defendants** must individually serve the Jacobo-Ramirez Class Member Notice Forms to **all** noncitizens who are currently detained in Immigration and Customs Enforcement ("ICE") custody and subject to removal proceedings before an immigration court within the District of Nevada, **EXCEPT** for (1) noncitizens who were inspected upon entry and lawfully admitted into the United States and (2) noncitizens subject to a ***final*** order of removal. If the noncitizen is unable to understand English or Spanish, Federal Defendants must provide the Jacobo-Ramirez Class Member Notice Forms in a language which the noncitizen can understand or secure an interpreter to translate the documents as soon as feasible.

2. By **April 24, 2026**, **Federal Defendants** must provide the Jacobo-Ramirez Class Member Notice Forms to **ALL** noncitizens newly arrested and detained by immigration officers who are (1) charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) **AND** (2) subject to removal proceedings before an immigration court within Nevada. If the noncitizen is unable to understand English or Spanish, Federal Defendants must provide the Jacobo-Ramirez Class Member Notice Forms in a language which the noncitizen can understand or secure an interpreter to translate the documents as soon as feasible.

3. **Federal Defendants** shall record the individualized service of the Class Member Notice Forms and retain a copy of each Notice served.

**IT IS FURTHER ORDERED** that by **April 24, 2026**, **Defendants** shall post the "Class Action Notice" in **English and Spanish** in appropriate common areas of any facility holding

immigration detainees in Nevada or in any geographic area over which, as of October 30, 2025, an immigration court located in Nevada is the administrative control court, including but not limited to printed displays in common areas, displays on tables or other electronic devices accessible to detainees, and a running message displayed on televisions located in detainee cells or common areas. In addition to Federal Defendants, **Defendants Mattos, Warden, and Balaam** shall ensure compliance with this Order.

**IT IS FURTHER ORDERED** that by **April 24, 2026**, any facility holding immigration detainees in Nevada or in any geographic area over which, as of October 30, 2025, an immigration court located in Nevada is the administrative control court, shall establish a separate secured container allowing potential Class Members to submit the (1) Jacobo-Ramirez Class Action Membership Inquiry Form, and (2) Class Member Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, and shall coordinate with class counsel to establish a process for transferring custody of the forms on a weekly basis. In addition to Federal Defendants, **Defendants Mattos, Warden, and Balaam** shall ensure compliance with this Order.

**IT IS FURTHER ORDERED** that beginning **May 1, 2026**, **Federal Defendants** shall provide the following notice to class counsel **on an ongoing basis**:

1. **Weekly** confirmation of the service of each notice to individual Class Members as outlined above;

2. **Biweekly** (once every two weeks) notice to class counsel of bond hearings provided to Class Members, and the outcome of said hearings;

3. Notice within 24 hours prior to any transfer of a Class Member outside of the District of Nevada, or, where 24 hours' prior notice is not reasonably practicable, within 24 hours after the transfer is initiated; and

4. Notice to class counsel within 24 hours if a class member is issued a removal order.

**DATED:** April 22, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**