**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| VICTOR KALID JACOBO RAMIREZ, MICHEL GUEVARA ALCANTAR, *on behalf of themselves and others similarly situated*, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> MARKWAYNE MULLIN, *et al*., <br><br> Defendants-Respondents. | Case No. 2:25-cv-02136-RFB-MDC <br><br> **ORDER DENYING (ECF No. 128) MOTION FOR RECONSIDERATION** |

Pending before the Court is Federal Defendants-Respondents' ("Defendants" or "the government") April 23, 2026 (ECF No. 128) Motion for Reconsideration, which purports to seek alteration or amendment under Federal Rule of Civil Procedure 59(e) of the Court's March 30, 2026 (ECF No. 96) Order Granting Partial Summary Judgment. See Defs.' Mot. at 2, ECF No. 128. For the following reasons, the Court finds the Motion is properly construed as seeking a stay of the Court's March 31, 2026 (ECF No. 97) Partial Summary Judgment under Federal Rule of Civil Procedure 62 and denies it.

Although Defendants' Motion is styled as a motion for reconsideration under Rule 59(e), the relief Defendants seek is a "stay" of the Court's "vacatur of the Matter of Yajure Hurtado decision in full" to "mirror" the stay pending appeal that the Ninth Circuit granted the government in Bautista v. U.S. Dep't of Homeland Sec., No. 26-1044, Dkt. No. 17.1 (9th Cir. Mar. 31, 2026) [hereinafter, "Bautista"]. Defs.' Mot. at 4. To date, the government has not filed an appeal in this case.

Plaintiffs-Petitioners ("Plaintiffs") filed their Response on May 1, 2026, which asks the

Court to strike Defendants' Motion as improperly filed under Rule 59(e) because "it essentially seeks to stay judgment" rather than alteration or amendment and "does not rest on any of the three narrow grounds provided in Rule 59(e)." Pls.' Resp. at 3, ECF No. 139. Defendants did not reply.

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend judgment within twenty-eight days after the entry of judgment. See Fed. R. Civ. P. 59(e). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

The Court construes Defendants' Motion as seeking a stay of the March 31, 2026 judgment and denies it for failure to demonstrate entitlement to that relief. See United States ex rel. Hoggett v. Univ. of Phoenix, 863 F.3d 1105, 1108 (9th Cir. 2017) ("A motion's nomenclature is not controlling. Instead, [courts] construe the motion, however styled, to be the type proper for the relief requested.") (citation modified). Defendants' Motion essentially seeks a stay of this Court's set aside under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A) (i.e. vacatur) of Matter of Yajure Hurtado, 29 I.&N. 216 (B.I.A. 2025) [hereinafter, "Hurtado"]. However, the Motion fails to address the relevant factors for such a stay. See Nken v. Holder, 556 U.S. 418, 426 (2009) (articulating factors for stays pending appeal). Moreover, the Court finds Defendants' delay in bringing the instant Motion belies any assertion that the vacatur of Hurtado as to Class Members is causing the government immediate irreparable harm. See id. at 534 (an applicant seeking a stay must demonstrate that "they will be irreparably injured absent a stay.") (citation omitted); see also Beame v. Friends of the Earth, 434 U.S. 1310, 1313 (1977) (finding that where the applicants

waited "a full 20 days" to seek a stay in the district court, "[t]he applicants' delay in filing their petition and seeking a stay vitiates much of the force of their allegations of irreparable harm.").

The government's delay before this Court stands in stark contrast to its immediate pursuit of a stay and appeal of the district court's nationwide vacatur of Hurtado in Bautista. In Bautista, the government filed a notice of appeal and sought a stay pending appeal within two days of the Bautista district court's vacatur. See Bautista v. Santacruz Jr., No. 5:25-CV-01873-SSS-BFM, ECF Nos. 116-119 (C.D. Cal.). Here, Defendants waited 24 days to file their Motion and, nearly three months after the Court entered Partial Summary Judgment, they have yet to file an appeal. The government's conduct thus demonstrates a lack of exigency, which is incompatible with any assertion of irreparable harm. That may explain why the Motion is styled as seeking relief under Rule 59(e). See Hoggett, 863 F.3d at 1108–10 (finding the appellant's "motion was not, in substance, an FRCP 59(e) request to alter or amend the judgment; it was a request to stay" which did "not toll the time for filing a notice of appeal.").

Moreover, Defendants fail to identify grounds for reconsideration under Rule 59(e). Despite reciting the narrow grounds which warrant alteration or amendment of a final judgment, see Defs.' Mot. at 3, the Motion fails to clearly identify which ground Defendants assert is applicable here. Defendants simply state the Ninth Circuit's stay in Bautista "is a new decision favorable" to their position "from the Ninth Circuit which directly relates to this matter," and ask the Court to "reconsider its decision on March 30, 2026, vacating the BIA's decision in Matter of Yajure Hurtado given the March 31, 2026, Order from the Ninth Circuit." Id. Notably, however, Defendants stops short of characterizing the Bautista stay as "an intervening change in the controlling law," likely because they have no colorable argument that the Ninth Circuit's unpublished order granting the government a stay pending appeal can be characterized as "controlling." See E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 661 (9th Cir. 2021) (a predictive analysis on a motion to stay pending appeal is not binding, because a stay "should not, and does not, forever decide the merits of the parties' claims. This sort of pre-adjudication adjudication would defeat the purpose of a stay, which is to give the reviewing court the time to act responsibly, rather than doling out justice on the fly.") (citation modified); see also 9th Cir. R.

- 3 -

36-3(a) ("Unpublished dispositions and orders of this Court are not precedent[.]").

Even if the March 31, 2026 Bautista stay could be characterized as intervening controlling law, Defendants make no effort to explain how the Panel's reasoning has any bearing on this case. The Baustista Panel reasoned that "the district court's February 18, 2026, post-judgment order vacating Yajure Hurtado impermissibly expanded upon" that court's December 18, 2025 final judgment, which "refused petitioners request to vacate Yajure Hurtado because petitioners failed to include any request to vacate the BIA's decision in their Amended Class Action Complaint." Bautista, No. 26-1044 at *4 ("A district court 'may not alter or expand upon the judgment' once a case is on appeal.") (quoting In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000)). Here, in contrast, Plaintiffs sought vacatur of Hurtado in their Class Action Complaint. See Pls.' Compl. at 21, ECF No. 1. Further, the Court's vacatur of Hurtado was integral to its March 30, 2026 Order Granting Partial Summary Judgment, and there is no similar alleged procedural infirmity regarding the alteration or expansion of that judgment while on appeal. See Order Granting Part. Summ. J. at 55–57, ECF No. 96.

Further, this Court already considered the scope and implications of the Ninth Circuit's (at the time administrative) stay in Bautista, when it decided to stay the nationwide effect of its vacatur of Hurtado pending resolution of the appeal in Bautista, except as to Class Members. See id. The reasoning articulated by the Bautista Panel in its March 31, 2026 Order does not change this Court's calculus. Importantly, the "core habeas" jurisdictional concerns at issue in the Bautista *nationwide* class are of no moment in this case, wherein the certified class is limited to detainees over which this Court has habeas jurisdiction. See Bautista, No. 26-1044 at *2 (finding "the government was likely to succeed on its position that the district court exceeded its jurisdiction in certifying a nationwide class" because the class claims "sound in habeas" and therefore "must be brought in habeas proceedings in the appropriate district of confinement.") (first citing Trump v. J.G.G., 604 U.S. 670, 672 (2025) (*per curiam*); then quoting Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)). Importantly, although the Bautista class was not expressly certified as a habeas class, the Ninth Circuit denied the government's request for a stay of the district court's declaratory judgment and vacatur within the Central District of California, *i.e.*, the district over which the

Bautista court has habeas jurisdiction. Id. at *4 ("The district court's December 18, 2025 judgment remains in place as to the Central District of California."). Defendants do not even attempt to explain why the Ninth Circuit's decision to *partially* grant a stay in Bautista would require this Court to stay (or reconsider) its judgment within the District of Nevada, when the Ninth Circuit specifically denied the government's requested stay of Bautista within the Central District of California.

Finally, the Court finds Defendants' Motion improperly raises arguments that they have not, but could have, raised before the Court entered Partial Summary Judgment. See Kona Enterprises, 229 F.3d at 890. In their Opposition to Plaintiffs' Motion for Partial Summary Judgment, Defendants did not assert this Court lacked jurisdiction to vacate Hurtado within the District of Nevada, or nationwide, because of the district of confinement rule. See generally Defs.' Opp. to Pls.' Mot. for Partial Summ. J., ECF No. 87. Nor did they raise such an argument in their Response to the Class Action Complaint, see generally ECF No. 39, or in their Opposition to Class Certification, see generally, ECF No. 32. Defendants failed to brief this issue even though Plaintiffs' Motion for Partial Summary Judgment specifically asserted that nationwide vacatur of Hurtado was both within this Court's authority under the APA and appropriate to provide relief "to all noncitizens subject to mandatory detention under the unlawful detention policy, regardless of whether they are parties to this action." Pls.' Mot. for Partial Summ. J. at 18–19, ECF No. 74.

Ultimately, this Court exercised its discretion to stay the nationwide effect of its vacatur of Hurtado, except as to Class Members, *sua sponte*. It did so out of deference to the Ninth Circuit's then administrative stay in Bautista, despite the lack of any request or argument by Defendants to that effect. Thus, the Court finds Defendants' Motion improperly seeks to raise issues they could have, but failed to, raise before the issuance of judgment in this case. "Interests of finality and conservation of judicial resources" prohibit such misuse of a 59(e) Motion. Kona Enterprises, 229 F.3d at 890.

In sum, the Court denies Defendants' Motion, because it does not address or satisfy the

requirements for their requested relief: a stay of judgment.[1] Further, even if Defendants were seeking alteration or amendment of judgment under 59(e), they have not identified intervening controlling law that would justify that extraordinary remedy.

Based on the foregoing, **IT IS HEREBY ORDERED** that Federal Defendants-Respondents' (ECF No. 128) Motion for Reconsideration is **DENIED**.

**DATED:** June 30, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiffs' ask the Court to strike, rather than merely deny, Defendants' Motion as improperly filed. Defendants have failed to respond to Plaintiffs' request. However, while a court may strike pleadings under Federal Rule of Civil Procedures 12(f), striking Defendants' *Motion* pursuant to the Court's inherent authority would only be appropriate as a sanction. See Ready Transp., Inc. v. AARMfg., Inc., 627 F.3d 402, 405 (9th Cir. 2010). Plaintiffs have not argued that Defendants should be sanctioned for improper litigation conduct so the Court declines to strike the Motion.